UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHAUNCEY RONELL JACKSON,

    Plaintiff,

Civil Action No.
2:20-cv-13164

HONORABLE MARK A. GOLDSMITH
UNITED STATES DISTRICT COURT JUDGE

v.

CRIMEINDETROIT.COM, et. al.,

    Defendants,

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

Plaintiff is an inmate confined at the Wayne County Jail in Detroit, Michigan. On December 4, 2020, Magistrate Judge R. Steven Whalen signed an order of deficiency. The order required Plaintiff to provide an application to proceed without prepayment of fees and costs, an authorization to withdraw from his trust fund account, a signed certification of his prison trust account from an authorized prison official, and a current computerized trust fund account showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months; the order alternatively allowed Plaintiff to pay the three hundred and fifty ($ 350.00) dollar filing fee, plus the $ 50.00 administrative fee, in full. Plaintiff was given thirty days to comply with the order.

Plaintiff did provide this Court with a copy of the application to proceed without prepayment of fees and a written authorization to withdraw funds from his jail trust fund account. Plaintiff, however, failed to file a certified trust account statement or a current computerized trust

1

fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six months.

The pertinent statute, 28 U.S.C. § 1915(a)(2), sets out certain requirements for a prisoner who wishes to proceed without prepayment of fees and costs in a civil complaint in federal court. The prisoner must submit (i) a financial affidavit, and (ii) a certified copy of the trust fund account statement for that prisoner for the six month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined. See also McGore v. Wrigglesworth, 114 F. 3d 601, 605 (6th Cir. 1997).

If an inmate who does not pay the full filing fee fails to provide an affidavit of indigency or a certified trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or to pay the full filing fee. McGore v. Wrigglesworth, 114 F. 3d at 605. If the inmate fails to comply with the district court's directions, "[t]he district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees." Id. The district court must then order that the case be dismissed for want of prosecution. Id.

Here, Plaintiff failed to correct the deficiency order by providing the Court with a certified account statement and a copy of his computerized jail trust fund account for the past six months. Therefore, dismissal without prejudice is appropriate. See Davis v. United States, 73 F. App'x 804, 805 (6th Cir. 2003).

Accordingly, the Court dismisses without prejudice the complaint under 28 U.S.C. § 1915(a)(1) and (b)(1) and (2) for failure to comply with the filing requirements of the Prison Litigation Reform Act. Nothing in this order precludes Plaintiff from filing a new civil rights

complaint under a new case number so long as he pays the filing and administrative fees or provides the complete and correct information necessary to proceed without prepayment of fees.

SO ORDERED.

Dated: February 3, 2021                       s/Mark A. Goldsmith
       Detroit, Michigan                  MARK A. GOLDSMITH
                                                    United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 3, 2021.

                                                   s/Karri Sandusky
                                                   Case Manager